O’Neall, J.
delivered the opinion of the Court.-
In this case I have looked into the questions raised fay the appellant, with as much care as my limited timé would admit, and have given to the argument of the ingenious counsel for the defendant, all the consideration which the merits of the case required. Two main objections.seem to be presented to the *616 plaintiff’s recovery. 1st. That the contract is without consideration. 2d. That not being to be performed within a year, it is void by the statute of frauds.
1st. It is true, as supposed by the defendant, that a levy vests the property, of the defendant in an execution, in the sheriff. But this is for the special purpose of sale, and satisfaction of the execution. The sheriff’s property is therefore a qualified one, and not inconsistent with the defendant’s general right of property. He may sell it, and pay the execution; and thus discharge the sheriff’s right of property. If he contracts to sell, and docs deliver the property, and discharges the legal lien on it, the consideration moving from him is just as good and legal as if no lien had existed, in this case, the sale by the sheriff, was the means of making the defendant’s title good: the sheriff is the agent of the defendant, the plaintiff, and the purchaser, under executions. The plaintiff’s agent, Dr. Hanna, bought the property at the sheriff’s sale, and transferred his bid to the defendant, to complete the contract of sale entered into previously by the plaintiff and the defendant. There was therefore, an actual sale, and delivery of the slaves to the defendant, on the Contract to pay $400, cash, and $150, at the expiration of one year from the sheriff’s sale.
2nd. Conceding to the defendant, that the contract to pay the $150, was not to be performed within one year, (which however is not very clear from the evidence,) still it is perfectly clear, that the case is not within the provisions of the statute of frauds. That part of the statute, which requires a contract not to be performed within the year to be in writing, has been over and over again held to apply only to cases, where the whole contract was executory; and not to cases, where it had been performed by one of the parties. This question was so fully discussed in the case in Equity of Hicks, adm'z. of Vernon ads. Gee, decided at this place at pur last session, that it is only necessary to refer to it for our views. The plaintiff here had performed his part of the contract by delivering the slaves,' and securing to the defendant a good title to them; and this created a liability on the part of the defendant to pay for them according to his contract.
Johnson, J. and Martin, J. sitting for Harper, J. concurred.
Motion refused.